[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum
This case is a medical malpractice action arising from an alleged incorrect diagnoses by a physician at the Waterbury Hospital. The plaintiffs, Amanda Ortiz, a minor and her mother Yolanda Gomez who is acting both as the representative of her daughter and in her own individual capacity have sued the Waterbury Hospital (the Hospital) and Christine Gould, M.D., an emergency department physician at the Hospital. The operative complaint alleges that the defendants examined Ortiz and CT Page 4864-ab determined that her anatomy was grossly distorted, that she showed no evidence of hymenal components, and that her vaginal canal was wide. The plaintiffs allege that the clinical findings were incorrect and that because of these findings and as a result thereof the plaintiff Ortiz was temporarily removed from her family home. The plaintiffs allege that as a result of the unnecessary and negligent gynecologic examination and testing, both the minor plaintiff and the plaintiff mother in her own capacity suffered significant emotional trauma.
The fifth and sixth counts of the revised complaint dated October 22, 1999, the operative complaint, allege claims of negligent infliction of emotional distress as to the plaintiff mother Gomez in her individual capacity against the Hospital and Gould. The defendants filed the present motion to strike the fifth and sixth counts of the revised complaint claiming they are legally insufficient because they fail to establish the requisite breach of duty for a claim of negligent infliction of emotional distress.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . ., to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded."Parsons v. United Technologies Corp., 243 Conn. 66, 68, 700 A.2d 655
(1997). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulknerv. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "A motion to strike is the proper procedural vehicle . . . to test whether Connecticut is ready to recognize some newly emerging ground of liability." (Internal quotation marks omitted.) Grady v. Guerin, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 160239 (April 23, 1998) (Lewis, J.); accord Shaham v. Wheeler, Superior Court, judicial district of Danbury, Docket No. 321879 (June 26, 1996) (Moraghan, J.) (17 CONN.L.RPTR. 232, 233).
"In order to prevail [on a claim of negligent infliction of emotional distress], the plaintiff must prove that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm." (Internal quotation marks omitted.) Pavliscak v.Bridgeport Hospital, 48 Conn. App. 580, 597, 711 A.2d 747, cert. denied,245 Conn. 911, 718 A.2d 17 (1998); see also Montinieri v. Southern NewEngland Telephone Co., 175 Conn. 337, 345, 398 A.2d 1180 (1978). Further, a plaintiff must show the necessary elements of negligence. See CT Page 4864-acMontinieri v. Southern New England Telephone Co., supra 175 Conn. 341. "The essential elements of negligence are well established: duty; breach of that duty; causation; and actual injury." RK Constructors, Inc. v.Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153 (1994).
"The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand. . . ." (Internal quotation marks omitted.) Mendillo v. Board of Education,246 Conn. 456, 483, 717 A.2d 1177 (1998). "If a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant." (Citations omitted; internal quotation marks omitted.) RK Constructors, Inc. v.Fusco Corp., supra, 231 Conn. 384-85. "In the context of medical malpractice, there can be no actionable negligence on the part of a physician where there is no physician-patient relationship." Doe v.Veterans Memorial Medical Center, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 571265 (July 6, 1998) (Aurigemma, J.).
It is the defendant's position in this matter that they owed no duty to Gomez because she was not a patient of the defendants. The defendants argue that because Gomez is unable to establish the requisite breach of duty arising out of a physician-patient relationship, she lacks an essential element of a claim for negligent infliction of emotional distress. The plaintiffs position is that the duty owed to the mother Gomez was a duty of care independent and distinct from the existence of a physician-patient relationship under basic principles of negligence.
The defendants rely on Abbhi v. Ami, Superior Court, judicial district of New Haven at New Haven, Docket No. 382195 (June 3, 1997) (Silbert, J.) (19 CONN.L.RPTR. 493), for the proposition that absent a physician-patient relationship, a plaintiff may not recover for negligent infliction of emotional distress. In that case, the plaintiff mother sought relief for alleged medical malpractice for the negligent care and treatment of her minor child who suffered a fatal anaphylactic reaction.Id. The plaintiff further alleged that she consulted with the defendant doctors and the associated medical practice regarding her daughter's allergy and asthma. Id. As a result, the plaintiff argued that because she was her daughter's guardian and would be responsible for carrying out and overseeing the physician's instructions, she was in a physician-patient relationship with the physicians who owed her a duty of care. Id., 501-02. The court, Silbert J., granted the defendant's motion to strike the negligent infliction of emotional distress counts and CT Page 4864-ad declined to recognize liability under those circumstances. Id., 503. The court noted that "in Connecticut a doctor-patient relationship does not exist between a parent and physician caring for a child unless the parent also receives some actual medical care or attention." Id., 502.
Public policy reasons exist to deny recovery for negligent infliction of emotional distress under the present circumstances. "The primary responsibility of such [health] professionals is to determine whether the child has been sexually abused. They should not be distracted from their duty by the specter of potential liability to the suspected abuser in the event that their assessment of the child eventually turns out to be incorrect but honest." Zamstein v. Marvasty, 240 Conn. 549, 564,692 A.2d 781 (1997). "We acknowledge that persons falsely charged with sexual abuse of children on the basis of incorrect evaluations may suffer great harm in both their social and personal relationships, and that such accusations have the potential of causing serious damage to a person's reputation. We are persuaded, however, that recognizing a cause of action under the circumstances pleaded in the plaintiffs complaint would have consequences detrimental to the community as a whole that outweigh any benefit that persons falsely charged with sexual abuse might derive if we were to permit such an action to proceed. Accordingly, we conclude that the trial court properly struck [the negligence and negligent in infliction of emotional distress counts] of the plaintiffs amended complaint." Id.
The court agrees with the defendant's position that in order for the plaintiff mother to sustain a claim for the negligent infliction of emotional distress she must have a physician-patient relationship with the defendants which of course is not the situation in this case. In addition public policy issue that the Supreme Court considered in ofZamstein v. Marvasty, supra, 240 Conn. 549, is applicable in the instant case. For the reasons stated in that decision the plaintiff mother should not be permitted to assert a claim in her own capacity for negligent infliction of emotional distress. The court therefore will grant the motion to strike the fifth and sixth counts of the revised complaint.
PELLEGRINO, J.